**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CHAMPA DAHI, LLC,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-CV-360 (MTT)** |
| | ) | |
| **JAMES THOMAS CARLAN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Pro se Defendant James Thomas Carlan filed a Notice of Appeal on October 2, 2025. ECF 10. After his appeal was dismissed (ECF 16), Carlan sought leave to proceed with his appeal *in forma pauperis* ("IFP"). ECF 17. The Court denied Carlan's motion for leave to appeal IFP as moot (ECF 19), and his appeal was subsequently reinstated. ECF 20. Carlan has timely filed a second motion for leave to appeal IFP and requests that the Court consider the financial affidavit filed with his previous motion (ECF 17). ECF 21.

Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .

1

> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed IFP. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, Carlan has submitted a financial affidavit which demonstrates that he is unable to prepay the appellate filing fee. ECF 17.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [IFP] appeal is frivolous, a district court determines whether there

2

is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Carlan seeks to appeal the Court's September 24, 2025, Order (ECF 5) remanding this action to the Magistrate Court of Houston County. ECF 10. This action was remanded for lack of subject matter jurisdiction. ECF 5. With certain exceptions[1], "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see also Fla. Polk Cnty. v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 (11th Cir. 1999) ("Section 1447(d) forecloses appellate review of a remand order if the order is based on … the absence of subject matter jurisdiction.").

Carlan asserts that this case "falls within the exception to the general remand bar in 28 U.S.C. § 1447(d) because the district court's order exceeded jurisdiction by:" (1) "Allowing a state magistrate to issue judgment after removal was filed;" (2) "[r]emanding a case where the amount in controversy exceeded the magistrate's jurisdictional limit of $15,000, and the federal record reflected Plaintiff's own claim of more than $21,000;" (3) "[d]enying Defendant's demanded Seventh Amendment right to a jury trial in a controversy exceeding $20;" and (4) "[t]reating as valid a void order entered by a court that lacked jurisdiction after removal." ECF 10 at 1. None of these are exceptions provided for in Section 1447(d), and the Court did not remand based on a procedural defect without waiting for a party's motion. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296-97 (11th Cir. 2009).

---

[1] 28 U.S.C. § 1447(d) provides exceptions to cases involving federal officers or agencies and certain civil rights cases. *See* 28 U.S.C. §§ 1442, 1443.

Accordingly, Carlan has not identified a non-frivolous issue for appeal and the Court's independent review of the record demonstrates that his appeal is frivolous. The appeal, therefore, is not brought in good faith. Carlan's application to appeal IFP (ECF 17; 21) is **DENIED.**

**SO ORDERED,** this 2nd day of February, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT